**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **LAURA FRITSCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO:**  1:18-cv-1018 |
| | ) | |
| **FINISHMASTER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1.      This is an action brought by Plaintiff, Laura Fritsch ("Fritsch"), by counsel, against Defendant, Finishmaster, Inc. ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.* and Indiana common law.

**II.  PARTIES**

2.      Fritsch, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. § 12117.

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6.      At all times relevant to this action, Fritsch was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Fritsch has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

8.      Fritsch is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

9.      Fritsch exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

10.     A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV.  FACTUAL ALLEGATIONS

11.     Fritsch began working for Defendant on February 20, 2007 as a Cash Applications Specialist. In or about 2013, Fritsch was elevated to Senior Accounts Receivable Specialist.

12.     At all relevant times, Fritsch met or exceeded Defendant's legitimate performance expectations.

13.     In or about the summer of 2016, Fritsch began suffering from the effects of Carpal Tunnel Syndrome and reported her condition to her manager, Lisa McCormick. McCormick's reaction to Fritsch's disclosure of her disability was: "we all have our shit to deal with – get over it."

14.     In or about February 20, 2017, McCormick wrote Fritsch up for not being fast enough.  Fritsch reiterated to McCormick that her disability affected the speed with which she could perform data entry.  In response, McCormick moved Fritsch to a position that was exclusively performing data entry.

15.     Between December and March 2017, Fritsch applied for three other positions within Defendant to find a position that would accommodate her deteriorating condition.  She was denied each position.

16.     Fritsch was placed on a performance improvement plan during the first week of May and required to meet with McCormick each Friday to track her progress.

17.     On or about May 12, 2017, after an EMG was performed, Fritsch was formally diagnosed with both carpal tunnel and cubital tunnel syndromes.

18.     On May 22, 2017, Fritsch requested an accommodation for her disability. Angela Hudgins, Human Resources, informed Fritsch that she had to tell her how to change her workstation to accommodate her.  Fritsch submitted a flyer with a variety of ideas; however, none were implemented.

19.     Defendant did not further engage in the interactive process to generate any other accommodations for Fritsch's condition.

20.     Thereafter, Fritsch applied for workers compensation benefits.  She returned the information requested by Defendant's Workers Compensation insurance carrier on June 16, 2017.

21.     On or about June 30, 2017, Defendant terminated Fritsch's employment.

## V.  LEGAL ALLEGATIONS

### COUNT I-DISABILITY DISCRIMINATION

22.     Paragraphs one (1) through twenty-one (21) of Fritsch' Complaint are hereby incorporated.

23.     Defendant violated Fritsch' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by subjecting her to disparate treatment because of her actual or perceived disability.

24.     Defendant's actions were intentional, willful and in reckless disregard of Fritsch's rights as protected by the ADA.

25.     Fritsch has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF INDIANA COMMON LAW

26.     Fritsch hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

27.     Defendant unlawfully retaliated against Fritsch for having filed and received workers compensation benefits.

28.     Defendant's actions were intentional, willful, and in reckless disregard of Fritsch's rights.

29.     Fritsch suffered damages as a result of Defendant's unlawful actions.

### VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Laura Fritsch, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2.     Pay Plaintiff's lost wages and benefits;

3.     Pay to Plaintiff compensatory damages, including, lost future earning capacity under the ADA and Indiana law;

4.     Pay to Plaintiff punitive damages for Defendant's violations of the ADA and Indiana law;

5.      Pay to Plaintiff pre- and post-judgment interest;

6.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7.      Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Email:         ad@bdlegal.com
*Attorneys for Plaintiff, Laura Fritsch*

## DEMAND FOR JURY TRIAL

The Plaintiff, Laura Fritsch, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Email:         ad@bdlegal.com

*Attorneys for Plaintiff, Laura Fritsch*

6